## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 13 2016, 8:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Basden Breakfield,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 13, 2016

Court of Appeals Case No.
49A02-1602-CR-268

Appeal from the Marion Superior Court

The Honorable Anne Flannelly, Magistrate

Trial Court Cause No.
49G04-1507-F5-23224

**Baker, Judge.**

Basden Breakfield appeals the sentence imposed by the trial court after he was convicted of Level 5 felony battery against a public safety official. Breakfield argues that the trial court erred by declining to find his mental health to be a mitigating factor. Finding no error, we affirm.

## Facts

In June 2015, Breakfield was incarcerated at the Marion County Jail, awaiting sentencing in a case in which he had been convicted of eight felonies and two misdemeanors. On June 20, 2015, Breakfield was taken out of his cell to be processed and have his booking photo taken for a new offense he had been charged with. Marion County Deputy Jason Price accompanied Breakfield to the processing area. Breakfield was reluctant, slow to follow orders, and uncooperative.

Deputy Price ordered Breakfield to walk over to have his photo taken. The deputy ordered Breakfield to stand in a particular place and look at the camera. Breakfield slowly walked over to the correct area but refused to look at the camera, saying that he did not feel like doing that. Breakfield slowly walked back over to the deputies, refusing to comply with Deputy Price's order to return for the photo. Breakfield suddenly lunged at Deputy Price with a closed fist, striking the deputy's face, neck, and shoulder. Deputy Price sustained pain and redness as a result of the punches.

On July 2, 2015, the State charged Breakfield with Level 5 felony battery against a public safety official. After a bench trial held on December 10, 2015,

the trial court found Breakfield guilty as charged. A joint sentencing hearing was held on January 15, 2016.[1] At that hearing, the trial court identified Breakfield's criminal history and the fact that he was in custody at the time he committed the instant crime as aggravators. The trial court did not find any mitigating circumstances, found that the "aggravating factors outweigh[ed] the mitigating factors," and sentenced Breakfield to four years imprisonment, to be served consecutive to the sentences in the other causes. Tr. p. 53-54. Breakfield now appeals.

## Discussion and Decision

[5] Breakfield's sole argument on appeal is that the trial court abused its discretion by declining to find his mental health to be a mitigating factor. The trial court is afforded broad leeway in determining aggravating and mitigating factors. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007). Furthermore, the trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor. *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005). When a defendant alleges that the trial court failed to identify a mitigating circumstances, he is required to establish that the mitigator is both significant

---

[1] The sentencing hearing pertained to this cause, the cause for which Breakfield was already being held in jail, and Cause Number 49G04-1506-F5-22334 (Cause 22334). Breakfield has also appealed his sentence in Cause 22334, and our substantially similar opinion in that cause is handed down under appellate cause number 49A02-1602-CR-230.

and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[6] In this case, Breakfield presented no evidence to show that he was mentally ill at the time he committed this offense. Specifically, he offered no documentation of diagnosis or treatment, testimony from his doctors, or records of any medication he had been prescribed. In the presentence investigation (PSI) report, Breakfield stated that he had no suicidal thoughts or thoughts of harming himself or others, did not experience hallucinations or delusions, and did not have a family history of mental illness. Breakfield did present evidence that at some point following this offense, he was prescribed mental health medication.[2] But nothing in the record clearly establishes Breakfield's contention that he was mentally ill at the time he committed this offense. Under these circumstances, we find that the trial court did not err by declining to find Breakfield's mental health as a mitigating factor.

[7] The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.

---

[2] Defense counsel did not even know what Breakfield's diagnosis was following the mental health evaluation, asking that the PSI reflect that "there was a mental health diagnosis at one point and he is receiving treatment for what I believe to be a mental health condition." Tr. p. 47.